UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| XAVIER HALLIBURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00102-JRS-MKK |
| | ) | |
| FRANK VANIHEL, | ) | |
| MEEKS, | ) | |
| WILLIAM WILSON, | ) | |
| KATIE FISCHER, | ) | |
| KEITH VINARDI, | ) | |
| MOSELEY, | ) | |
| RANDALL PURCELL, | ) | |
| HEYSE, | ) | |
| MATT LEOHR, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Xavier Halliburton filed this civil action pursuant to 42 U.S.C. § 1983, alleging that the Defendants subjected him to unconstitutional conditions of confinement and placed him in segregated housing without meaningful review. Dkt. 1. Because Mr. Halliburton is a "prisoner," who is currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"), this Court must screen the complaint before serving any Defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Halliburton's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names nine Defendants: (1) Frank Vanihel (Warden); (2) Ms. Meeks (Unit Team Manager); (3) William Wilson (Executive Director of Classification); (4) Katie Fischer (Deputy Warden); (5) Keith Vinardi (Deputy Warden); (6) Ms. Moseley (Caseworker); (7) Randall Purcell (Caseworker); (8) Ms. Heyse (Caseworker); (9) Matt Leohr (Classification Superior). Dkt. 1.

On March 29, 2024, Mr. Halliburton was charged with a disciplinary violation (possessing a deadly weapon) and placed in segregated housing. *Id.* at 4 ¶ 9. On April 14, the disciplinary board found Mr. Halliburton guilty and sentenced him to 90 days in segregated housing. *Id.*, ¶ 11. In May, Warden Vanihel sought criminal charges against Mr. Halliburton, Thus, Mr. Halliburton remained in segregated housing while the prosecutor investigated the charges. *Id.* at 4–5 ¶¶ 13–15. In November, the prosecutor declined to press criminal charges. *Id.* at 5 ¶ 15. Even after his disciplinary sentence expired and the prosecutor determined not to press criminal charges, however, Mr. Halliburton remained in segregated housing until at the least the filing of this complaint in February of 2025.

Mr. Halliburton alleges that his placement in segregated housing violates his Fourteenth and Eighth Amendment rights. For one, Mr. Halliburton's 30-day reviews have been the same from month-to-month and they do not appear to provide a pathway towards release. *See, generally*, *id.* at 21–26. Furthermore, on September 26, 2024, Mr. Halliburton wrote to Randall Purcell, a caseworker, requesting a 90-day review of his placement in segregated housing. *Id.* at 20, ¶ 66. He received the review on December 18, 2024, wherein Unit Team Manager Meeks and Deputy Warden Fischer were present. Ms. Meeks denied his release from segregation because he had not yet had a full year of "clear conduct." *Id.* at 20 ¶ 68. There is no policy that mandates a full year of "clear conduct" before being released from segregation.

Mr. Halliburton alleges that he has been subjected to inhumane conditions during his placement in segregated housing. For example, he is confined to an 8 x 12 cell for 23 hours a day where he does not have room to exercise. *Id.* at 6–7 ¶¶ 22, 26. He does not have a window to the outside and the only source of outdoor light is an old and faded skylight. *Id.* at 7 ¶¶ 23–24. The lights in his cell are only turned on from 6:00 am to 6:00 pm, so he cannot read or do anything at night. *Id.* at 11, ¶ 42. For two months, Mr. Halliburton did not have any lights at all. *Id.* at 12 ¶ 43. During the winter, he went periods without heat or hot water and, in the summer he did not have air conditioning or ventilation. *Id.* at 12–13 ¶¶ 45–46. He has received inadequate portions of food, and when he complained, Warden Vanihel and Deputy Warden Fischer refused to act. *Id.* at 13 ¶ 47.

Mr. Hallburton has also had to endure unsanitary conditions. For example, the outdoor recreation area is covered in bird and human feces. *Id.* at 7 ¶¶ 27–28. For several months, Mr. Halliburton's cell did not have water, so he was unable to wash his hands, brush his teeth, or make

milk from powder. *Id*. at 14, ¶ 49. Because of issues with the toilets, Mr. Halliburton's cell gets flooded with feces and urine from surrounding cells. *Id.*, ¶ 50.

Mr. Halliburton has not received adequate medical care. His request to see the dentist was ignored and he eventually had to cut an infection in his gum with a razor to relieve the pressure and pain. *Id*. at 15 ¶ 52. His mental health has deteriorated and he has harmed himself and contemplated suicide. *Id*. at 8 ¶ 32; *id*. at 16 ¶¶ 55–57. He is unable to get confidential mental health counseling because he is in segregated housing. Instead, he has to speak to a counselor on the range. *Id*. at 18 ¶ 60.

Mr. Halliburton requests declaratory and monetary relief. *Id*. at 33 ¶¶ 111–114.

### III. Discussion of Claims

Applying the screening standard to the facts alleged in the complaint, the following claims **shall proceed**: (1) Eighth Amendment conditions of confinement claims against Warden Vanihel, Deputy Warden Vinardi, and Deputy Warden Fischer; (2) Fourteenth Amendment due process claims against all Defendants.

**Eighth Amendment Claims**

To plead an Eighth Amendment conditions of confinement claim, a plaintiff has to allege that prison officials (1) subjected him to sufficiently serious conditions, creating an excess risk to his health and safety and (2) the officials had a subjectively culpable state of mind. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (citations omitted). Conditions are "sufficiently serious" when they deny the plaintiff "the minimal civilized measure of life's necessities," creating an "excessive risk to the inmate's health and safety.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Furthermore, conditions may be considered collectively as "[s]ome conditions of confinement may

establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

Here, Mr. Halliburton alleges that he was deprived healthcare, subjected to unsanitary and inhumane conditions, and fed inadequate portions of food. Furthermore, he alleges that the wardens were aware of these issues and "refused to act." At the pleading stage, these allegations suffice to state an Eighth Amendment claim.

**Fourteenth Amendment Claims**

While a prisoner's confinement in segregated housing does not in and of itself violate the Eighth or Fourteenth Amendments, a prisoner's subjection to atypical and significant hardship may rise to the level of a Fourteenth Amendment violation depending on the facts. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005) (the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population); *Sandin v. Conner,* 515 U.S. 472, 484 (1995) (prisoners in segregated housing are not entitled to due process "unless the discipline they receive increases their duration of confinement or subjects them to an 'atypical and significant' hardship").

As seen above, the complaint plausibly alleges that Mr. Halliburton was subjected to atypical and significant hardship in the form of unsanitary and inhumane conditions as well as deprivation of medical care and food. In addition, the length of Mr. Halliburton's segregation might suffice to trigger a liberty interest because, at least at the time of filing the complaint, it approached a full year. *See Jackson v. Anastasio*, 150 F.4th 851, 859 (7th Cir. 2025) (explaining that solitary confinement approaching one year "may trigger a cognizable liberty interest without any reference to conditions") (internal quotation omitted); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (determining whether 240 days in disciplinary segregation was the type of

atypical, significant hardship that would implicate protected liberty interest could not be decided at the pleading stage). Last, even though Mr. Halliburton acknowledges that he received 30-day and 90-day reviews, he alleges that these reviews were the same from month-to-month. *See Isby*, 856 F.3d at 527–28. Therefore, at this stage, Mr. Halliburton's Fourteenth Amendment claims may proceed against the defendants, all of whom were allegedly tasked in some way or another with reviewing and/or approving his placement in segregated housing.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 24, 2025,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: (1) Eighth Amendment claims against Warden Vanihel, Deputy Warden Vinardi, and Deputy Warden Fischer; (2) Fourteenth Amendment claims against all Defendants. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants in the manner specified by Rule 4(d). Process shall consist of the complaint filed on February 25, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 10/23/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

XAVIER HALLIBURTON
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:
    Warden Frank Vanihel
    Ms. Meeks
    William Wilson
    Katie Fischer
    Deputy Warden Keith Vinardi
    Ms. Moseley
    Randall Purcell
    Ms. Heyse
    Matt Leohr
    (All at Wabash Valley Correctional Facility)